UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD DWIGHT EADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00272-CEA-CHS |
| | ) |
| MARTIN TRANSPORTATION SYSTEMS and GENERAL MOTORS CT CORPORATION SYSTEMS, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.     Introduction**

Plaintiff Ronald Dwight Eady, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Plaintiff brings this action for employment discrimination alleging he was fired in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112. For the reasons stated herein, the Court finds Plaintiff has failed to state a claim under either statute and therefore **RECOMMENDS** this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## II. Facts

Plaintiff's complaint alleges the following: Plaintiff was employed by Martin Transportation Systems ("MTS") from February 8, 2021, until February 26, 2021. [Doc. 2, Complaint at 5, Page ID # 15]. Defendants General Motors CT Corporation Systems owns MTS. Plaintiff was told he was terminated for breaching protocol and falsifying information in a COVID-19 pre-screen form. [*Id.*]. On February 26, 2021, Plaintiff reported to work and filled out a pre-screening form indicating he had not been around anyone with COVID. [*Id.*]. Later that day, he was informed by his director supervisor, whom he had seen three days earlier, that she had had COVID for the past three days. [*Id.*]. She encouraged him to drop the trailer and go get tested. [*Id.*]. En route to the hospital, Kevin Mahoney, Director of Operations for MTS, called Plaintiff; reprimanded him for leaving "the team short staffed on his evening run to Bowling Green, K[entucky];" and terminated his employment. [*Id.*]. According to Plaintiff, "[i]t indicates that MTS doesn't care about employee health or safety." [*Id.*]. Plaintiff "feels victimized and singled out by the company's racially biased behavior." [*Id.*].

## III. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*,

550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV. Discussion

    A. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

While a complaint alleging discrimination under Title VII "need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference, that [the defendant] discriminated against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (internal citation omitted and citation cleaned up). In this case, Plaintiff baldly states he feels that he has been victimized because of his race, but

the complaint provides no facts which could support a plausible claim of race discrimination. The Court finds the complaint fails to state a claim for race discrimination under Title VII.

### B. Americans with Disability Act, 42 U.S.C. § 12112

Plaintiff also claims that he was discriminated against under the ADA. The ADA prohibits employers from discriminating against qualified employees on the basis of a disability. 42 U.S.C. § 12112. The ADA defines disability as:

> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
> **(B)** a record of such an impairment; or
> **(C)** being regarded as having such an impairment

42 U.S.C. § 12102(1).

Plaintiff has not alleged facts to support a conclusion that Plaintiff has any one of the three definitions of disability. Further, Plaintiff does not allege that he had an underlying disability that made exposure to COVID-19 particularly hazardous for him, thereby requiring a reasonable accommodation such as time off for immediate testing. *Cf. Heck v. Copper Cellar Corp.*, No. 3:21-cv-158-TRM-DCP, 2021 WL 3409245 (E.D. Tenn. Aug. 4, 2021)[1] Rather, in this case, Plaintiff alleges simply that he was terminated because he left work to be tested for COVID-19 after he was potentially exposed to it at work. These allegations do not state a claim under the ADA because they do not support a conclusion that Plaintiff had a disability as defined by the ADA.

---

[1] "Plaintiff's [ADA and Tennessee Disability Act] claims arise from alleged discrimination and retaliation related to her asthma. While her request for accommodation relates to her increased vulnerability to COVID-19, her claims do not "arise from COVID-19[.]"

## V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).